# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

RICHARD E. SCHATZEL, et al.,

    Plaintiffs,

vs.

    Case No. 3:19-cv-888-J-34JRK

DUVAL COUNTY SCHOOL
BOARD/DISTRICT, et al.,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On July 31, 2019, Plaintiff Richard E. Schatzel initiated this action, pro se, by filing a Complaint in Employment Standards (Doc. 1; Complaint). However, upon independent review, the Court finds that the Complaint is improperly drafted for a number of reasons and due to be stricken. In the analysis that follows, the Court will discuss the problems with the Complaint as currently drafted and provide Schatzel with the opportunity to file an amended complaint. Schatzel should carefully review this Order and consider utilizing the resources available for pro se litigants, cited below, before filing an amended complaint. Failure to comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice.

    As an initial matter, Schatzel names John Does #2-100, and Jane Does #100-300 as additional plaintiffs in the Complaint. See Complaint at 1. It appears Schatzel is attempting to assert claims on behalf of these Doe Plaintiffs as "parens Patraie." Id. It is unclear what Schatzel means by this, but regardless, as a pro se litigant, Schatzel does

not have the right to represent the interests of others. See Timson v. Sampson, 518 F.3d 870, 873-74 (11th Cir. 2008) (explaining that the "'established procedure . . . requires that only one licensed to practice law may conduct proceedings in court for anyone other than himself'" (internal quotation omitted)); Johnson v. Brown, 581 F. App'x 777, 781 (11th Cir. 2014) (affirming denial of class certification because a pro se litigant cannot bring an action on behalf of others similarly situated); Franklin v. Garden State Life Ins., 462 F. App'x 928, 930 (11th Cir. 2012) ("The right to appear pro se, however, is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others."). Accordingly, in the amended complaint, Schatzel must assert only his own legal claims. To the extent other individuals seek to join in this action with him, those individuals must sign the pleadings on their own behalf. And, if such individuals wish to proceed anonymously, they must seek permission from the Court to do so. See Doe v. Frank, 951 F.2d 320, 322-23 (11th Cir. 1992).

Next, the Court turns to the body of the Complaint. While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 Fed. Appx. 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is

---

[1] All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules"). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available in the law libraries of the state and federal courthouses.

In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

2

entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., 405 Fed. Appx. 459, 460 (11th Cir. 2010) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)). Moreover, in a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations "lumping" multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what a plaintiff is claiming. See West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc., 287 Fed. Appx. 81, 86 (11th Cir. 2008) (citing Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1317 (11th Cir. 2007) and Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1381 (11th Cir. 1997)).

3

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings). The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Here, Schatzel's Complaint falls into three of the four categories of shotgun pleadings prohibited in the Eleventh Circuit. First, the most common type of shotgun pleading involves a complaint containing "multiple counts where each count adopts the

4

allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland, 792 F.3d at 1321 & n.11 (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, Schatzel commits this exact error in that each subsequent count of the seven-count Complaint begins with the statement: "All of the complaint here to fore is included in this count as if so stated here." See Complaint at 9-11.

In addition, the Complaint embodies the second most-common form of shotgun pleading in that it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." See Weiland, 792 F.3d at 1322. Schatzel utilizes broad generalities, vague references, and legal conclusions throughout the Complaint but fails to include specific factual allegations about the events giving rise to his legal claims. For example, the Complaint references infringements on the rights of workers broadly, see Complaint ¶ 25-32, as well as improper disciplinary actions against drivers generally, id. ¶¶ 33-38, without connecting these grievances to Schatzel specifically. Although Schatzel does briefly reference an incident of retaliation against him, he fails to allege any details about what occurred, or connect this incident to the causes of action set forth in the seven counts of the Complaint. See id. ¶¶ 23-24.

Last, the Complaint falls into the fourth category of shotgun pleading identified in Weiland as it asserts "multiple claims against multiple defendants without specifying which

5

of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland, 792 F.3d at 1323. Indeed, there are several Defendants named in the caption of the Complaint who are never mentioned again. As such, it is impossible to discern what these Defendants are alleged to have done and which claims are asserted against them.

Thus, for all of the foregoing reasons, the Court will strike Schatzel's Complaint as an impermissible shotgun pleading and direct Schatzel to file an amended complaint. See Holbrook, 405 Fed. Appx at 460-61 ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). Pursuant to Rules 8(a)(2) and 10(b), the amended complaint shall set forth separate causes of action in numbered counts against specific defendants and contain "a short and plain statement" of Schatzel's claims demonstrating that Schatzel is entitled to relief. See Rules 8(a)(2), 10(b). Schatzel must avoid the shotgun pleading deficiencies set forth above and describe in sufficient detail the factual basis for each of his claims and how each Defendant is responsible.

Prior to filing his amended complaint, the Court encourages Schatzel to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Court reminds Schatzel that the Jacksonville Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 11:00 a.m. to 12:30 p.m. on the ninth floor of the Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202. Through that program, pro se litigants may consult with a lawyer for free. Reservations for specific appointments may be made by calling (904) 549-1900; walk-ins are welcome if space is available. More

information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[2] In accordance with the foregoing, it is

**ORDERED**:

1. Plaintiff's Complaint in Employment Standards (Doc. 1) is **STRICKEN**.

2. Plaintiff may file an amended complaint consistent with the directives of this Order on or before **August 30, 2019**. Failure to do so may result in a dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 1st day of August, 2019.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[2] If Schatzel chooses to continue to proceed without the assistance of an attorney, the Court recommends that he visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without A Lawyer." If Schatzel does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.