United States District Court
Middle District of Florida
Jacksonville Division

**RICHARD E. SCHATZEL,**

    *Plaintiff,*

v.                                             **NO. 3:19-cv-888-J-34 PDB**

**DUVAL COUNTY SCHOOL BOARD/DISTRICT ETC.,**

    *Defendants.*

___

## Report and Recommendation

On July 31, 2019, Richard Schatzel, proceeding without a lawyer, filed a complaint and paid the filing fee. Doc. 1. The Court struck the complaint because of pleading defects and directed him to file an amended complaint. Doc. 3. He timely filed an amended complaint against multiple defendants. Doc. 5.

On September 19, 2019, the Court entered a notice informing Mr. Schatzel of procedural rules. Doc. 7. The Court emphasized the service-of-process rules in Federal Rule of Civil Procedure 4 and explained that the service-of-process deadline here is October 29, 2019 (90 days from the date of filing the original complaint), and any defendants not yet served should be served with the amended complaint. Doc. 7 at 1–2.

One defendant, Durham D&M LLC (identified as "National Express, Corporation, Officially D.B.A./Durham School Bus Services-Petermann" in the amended complaint and referred to here as "Durham"), waived service and has filed a motion for a more definite statement or to strike or dismiss the amended complaint. Doc. 12. No other defendant has appeared or responded to the complaint, Mr. Schatzel

has filed no returns of service, and the service deadline has passed. The docket does not reflect that Mr. Schatzel has requested summonses.

On November 25, 2019, the undersigned directed Mr. Schatzel to, by December 11, 2019, (1) show cause why the Court should not dismiss the action without prejudice against the defendants who have not yet been served and (2) file on the docket any returns of service. Doc. 13. That deadline has passed, and Mr. Schatzel has not filed a response or any returns of service.

Rule 4(l) provides that, "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States Marshal or deputy marshal, proof must be made by the server's affidavit." Fed. R. Civ. P. 4(l). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Rule 4(m)'s 90-day period for making service has expired for all defendants except Durham. Mr. Schatzel has not filed proofs of service or shown good cause for failing to make service. He also failed to respond after being ordered to show cause and file any proofs of service. In light of these circumstances, I recommend **dismissing** the action without prejudice against the defendants[1] who have not yet

---

[1] In listing the defendants, the undersigned follows the naming conventions Mr. Schatzel uses in his amended complaint. *See* Doc. 5 at 3–5. In places, he identifies more than one person when listing a defendant—for example, "Defendant 1.2" is identified as "Leslie Russell and successors, Erica Harding" and "Defendant 2.3" is identified as "Doreen Sams and successor, Jan King." Doc. 5 at 3, 5. Such phrasing causes confusion as to whether the term "successor" refers to people not named in the complaint or to the immediately following names (in these examples, Erica Harding and Jan King). To ensure that all possible claims are dismissed, the undersigned assumes the former.

been served; specifically: Duval County School Board/District; Leslie Russell and successors; Erica Harding; John/Jane Doe; Mrs. Bravo; John Zeigler and successor(s); Karen Roush; Lisa Burkert; Doreen Sams and successor; Jan King; D.B.A./International Brotherhood of Teamsters (IBT) Local 512; Jim Shurling; and Stewart Cauthan.[2]

**Ordered** in Jacksonville, Florida, on December 16, 2019.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   The Honorable Marcia Morales Howard

   Counsel of Record

   Richard E. Schatzel
   1889 W. 5th Street
   Jacksonville, FL 32209

---

[2]Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.