**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**


RICHARD E. SCHATZEL, et al.,

          Plaintiffs,

                                   Case No. 3:19-cv-888-J-34JRK

vs.

NATIONAL EXPRESS, CORP., etc.,

          Defendant.

_____/


# O R D E R


**THIS CAUSE** is before the Court on Defendant Durham D&M LLC's Motion for a More Definite Statement or in the Alternative to Strike or Dismiss Plaintiff's Amended Complaint (Doc. 12; Motion), filed on November 22, 2019.  On July 31, 2019, Plaintiff Richard E. Schatzel initiated this action, pro se, by filing a Complaint in Employment Standards (Doc. 1; Complaint).  In the Complaint, Plaintiff identified "Defendant No. 2" as "D.B.A. / Durham School Bus Services/ AKA / Durham D&M LP." See Complaint at 2. Upon review, the Court struck the Complaint because it was an improper shotgun pleading, among other problems, and directed Plaintiff to file an amended complaint. See Order (Doc. 3), entered August 1, 2019.  On September 9, 2019, Plaintiff filed an Amended Complaint in Motion for Mandamus Quo Warranto (Doc. 5; Amended Complaint).  In the Amended Complaint, Plaintiff identified "Defendant No. 2" as "National Express, Corporation, Officially D.B.A. / Durham School Bus Services-Petermann School Bus

Services/Corporation of the State of Delaware." Id. at 4.  In the instant Motion, an entity named Durham D&M LLC (Durham), who has appeared identifying itself as a defendant in this action, requests an order requiring Plaintiff to plead a more definite statement of his claims.  See Motion at 10-11.  Alternatively, Durham requests an order "either striking or dismissing Plaintiff's Amended Complaint." Id.  Plaintiff did not file a response to the Motion and the time for doing so has passed.[1]

At the outset of the Motion, Durham states that it is "incorrectly listed as National Express Corporation/Durham School Bus Services" in the Amended Complaint and notes that Plaintiff's employer is "Durham D&M LLC, which is a subsidiary of Durham School Services, L.P." See Motion at 1 n.1.  On August 4, 2020, the Magistrate Judge entered an Order (Doc. 21) inquiring about this discrepancy and directing Plaintiff to advise the Court "whether he agrees that Durham D&M LLC is the proper defendant in this case." See Order at 1.  On February 21, 2020, Plaintiff filed a Notice of Objection in which he stated his objection to "any change in Defendant['s] status." See Notice of Objection (Doc. 22). According to Plaintiff, "National Express doing business by and through Durham School Bus Services appears to be the proper Defendant." Id.  Although Durham continues to maintain that it is the entity Plaintiff should be suing, see Defendant Durham D&M LLC's Response to Plaintiff's Notice of Objection Regarding Durham D&M LLC's Status as Proper Defendant (Doc. 23), Plaintiff is the master of his complaint and may select who to name as a defendant in this lawsuit, irrespective of whether he may ultimately be able to prevail

---

[1] On January 10, 2020, Plaintiff filed a document titled "3rd Notice for Backpay/Damages 1/10/2020" (Doc. 18) and another document titled "Certificate of Service" (Doc. 18).  Neither of these documents can be construed as a response to the Motion.

against such defendant.[2]   Despite Durham's insistence that it is Plaintiff's employer, Plaintiff has expressed his intention to sue a separate entity, National Express.  Here, because Plaintiff has made clear that his decision to name National Express, and not Durham D&M LLC, was intentional, the Court cannot simply treat this as a case of misnomer, as Durham appears to request.  As such, the Court will deny Durham D&M LLC's Motion as moot because Durham D&M LLC is not a party to this lawsuit.  Given Plaintiff's expressed intention to pursue his claims against National Express, and as that is the entity named in the Amended Complaint, the Court will direct Plaintiff to file proof of service on Defendant National Express.  In accordance with the foregoing, it is

**ORDERED**:

1. Defendant Durham D&M LLC's Motion for a More Definite Statement or in the Alternative to Strike or Dismiss Plaintiff's Amended Complaint (Doc. 12) is **DENIED as moot**.

2. Plaintiff shall have up to and including **June 12, 2020**, to file proof of service on Defendant National Express.

---

[2] Plaintiff is cautioned that the requirements of Rule 11, Federal Rules of Civil Procedure (Rule(s)) are applicable to pro se litigants as well as attorneys.  See Rule 11(b); Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988).  Rule 11 authorizes the imposition of sanctions on a litigant if he files a pleading, written motion, or other paper for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  See Rule 11(b)(1), (c)(1).  In addition, to avoid Rule 11 sanctions, a litigant's claims, defenses, and other legal contentions must be, to the best of the person's knowledge, information, and belief, "warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  See Rule 11(b)(2).  As such, Plaintiff must have a good faith basis for filing this lawsuit against National Express or risk the imposition of sanctions.  See Patterson, 841 F.2d at 387 ("[P]ro se filings do not serve as an 'impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" (quoting Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986))).

3. The Clerk of the Court is directed to update the docket in this case to reflect that the sole remaining Defendant to this lawsuit is: National Express, Corporation, Officially D.B.A. / Durham School Bus Services-Petermann School Bus Services/Corporation of the State of Delaware.

**DONE AND ORDERED** in Jacksonville, Florida, this 27th day of May, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

4